**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: ) | |
| MARATHON HEALTHCARE CENTER ) | Chapter 11 |
| OF WATERBURY, LLC ) | |
| ) | Case No. 08-20598 |
| Debtor ) | |
| ) | Doc. I.D. No. 40 |

**BRIEF MEMORANDUM AND ORDER**
**CONVERTING CASE FROM CHAPTER 11 TO CHAPTER 7**

Before the Court are the Debtor's Conversion of Cases from Chapter 11 to Chapter 7 (hereafter, the "Conversion Notice"), Doc. I.D. No. 40, the United States Trustee's Objection to Debtor's Motion to Convert This Chapter 11 Case to One Under Chapter 7 & Request for Hearing (hereafter, the "UST Objection"), Doc. I.D. No. 41, and the Official Committee of Unsecured Creditors' Joinder with Debtors' Reply to United States Trustee's Objection to Debtors' Motion to Convert This Chapter 11 Case to One Under Chapter 7 (hereafter, the "Committee Joinder"), Doc. I.D. No. 47.

The Conversion Notice and the UST Objection were filed January 7, 2009, the Committee Joinder was filed January 8, 2009. The UST Objection requested, *inter alia*, that a "hearing" be held on the Conversion Notice "*prior to* the entry of any order converting the Debtor's Chapter 11 case to one under Chapter 7". (emphasis added). On January 9, 2009, the Debtor, the United States Trustee, the Creditors' Committee, and the State of Connecticut, through their counsel, appeared before this Court, and argued their respective positions.

A debtor's right to convert its bankruptcy case from Chapter 11 to Chapter 7 is authorized by Bankruptcy Code §1112(a), which states:

> (a) The debtor may convert a case under this chapter to a case under chapter 7 of this title unless--
> (1)   the debtor is not a debtor in possession;
> (2)   the case originally was commenced as an involuntary case under this chapter; or
> (3)   the case was converted to a case under this chapter other than on the debtor's request.

Conspicuously absent from the plain language of §1112(a) is a requirement for notice and a hearing prior to a *debtor's* conversion of its case from Chapter 11 to Chapter 7.  Cf. §1112(b) ("after notice and a hearing").  Because a hearing is not a statutory requisite, the sub-section of Fed. R. Bankr. P. 2002 applicable to Conversion Notice is Rule 2002(f) (simply requiring "*notice by mail of* . . . (2) the dismissal or *the conversion* of the case to another chapter")(emphasis added).[1]

The Court has determined that none of the three proscribed criteria set forth in §1112(a)(1) - (3) is applicable and operates to preclude conversion of this Chapter 11 case to a case under Chapter 7, in accordance with which:

**IT IS HEREBY ORDERED** that this bankruptcy case is **CONVERTED  to Chapter 7**, and

**IT IS FURTHER ORDERED** that the debtor in possession shall:

(a) forthwith turn over to the Chapter 7 trustee all records and property of the estate under its custody and control as required by Fed. R. Bankr. P. 1019(4); and

(b) within 15 days of the date of this order, shall file a schedule of all unpaid debts incurred after the commencement of the chapter 11 case, and within 30 days of the date of this order, shall file an accounting of all receipts and distributions made, as

---

[1] Rather than Rule 2002(a)(4) (requiring 20 days' notice for "a hearing on . . . the conversion of the case to another chapter").

required by Fed. R. Bankr. P. 1019(5); and

    (c) timely comply with all other requirements of the Federal Rules of Bankruptcy Procedure, and

**IT IS FURTHER ORDERED** that the debtor, within 15 days of the date of this order, shall file the lists, inventories, schedules and statements required by Fed. R. Bankr. P. 1019(1)(A) and 1007(b), if such documents have not already been filed, and timely comply with all other requirements of the Federal Rules of Bankruptcy Procedure.

Dated: January 9, 2009                                          BY THE COURT

                                                                           Albert S. Dabrowski
                                                          Chief United States Bankruptcy Judge